IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Calvin Tyrone Norton, | ) | Case No. 4:19-cv-00329-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| General Motors, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's partial motion to dismiss and Plaintiff's motions for entry of default and to strike. ECF Nos. 11, 19, 22. Plaintiff filed a response in opposition to the motion to dismiss. ECF No. 15. Defendant filed a response in opposition to Plaintiff's motions, after being so directed by the Magistrate Judge, and Plaintiff filed a reply. ECF Nos. 30, 34, 36. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On April 10, 2019, the Magistrate Judge issued a Report recommending that Plaintiff motion for entry of default be denied, Plaintiff's motion to strike be denied as moot, and Defendant's partial motion to dismiss be granted. ECF No. 38. Plaintiff filed objections to the Report. ECF No. 40.

1

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

Plaintiff objects to portions of the Magistrate Judge's Report. With respect to his motion for entry of default, Plaintiff contends that Defendant has not presented a meritorious defense and that he has been prejudiced by Defendants' actions. Plaintiff also states that his motion to strike Defendant's motion to dismiss should be granted. Plaintiff does not object the Magistrate Judge's analysis of the merits of Defendant's motion to dismiss.

Defendant does not dispute that its motion to dismiss was filed one day after the deadline to file a responsive pleading expired; however, default has not yet been entered in this case. Accordingly, the Court finds it appropriate to enlarge the time to file a responsive pleading by one day. Thus, Plaintiff's motion for entry of default is denied and his motion to strike is denied as moot.

Moreover, even if default had been entered, the Court finds good cause would exist to excuse the default. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.") (citations omitted). In deciding whether good cause exists to excuse the entry of default, the Court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad.*, 616 F.3d at 417 (internal citations and quotation marks omitted). "Generally[,] a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Here, as noted by the Magistrate Judge, the responsive pleading was filed one day late; accordingly, the Court finds Defendant acted with reasonable promptness. Further, upon de novo review of the record, applicable law, and Report of the Magistrate Judge,

the Court agrees with the Report that Defendant has set out a potentially meritorious defense and that Plaintiff has not demonstrated that he will suffer undue prejudice based on this delay in filing.[1]

Turning to Defendant's motion, the Magistrate Judge recommended granting Defendant's motion to dismiss Plaintiff's fifth cause of action. As explained by the Magistrate Judge, the economic loss rule does not create a cause of action. Therefore, the Court agrees that Defendant's motion should be granted.

While the Court agrees with the recommendations of the Magistrate Judge, the undersigned notes that Defendant did file its responsive pleading one day late[2] and had to be directed by the Magistrate Judge to respond to Plaintiff's motions. The Court reminds Defendant to be cognizant of deadlines going forward in this action and recommends that it should not rely on orders from this Court to prompt its filings.

---

[1] Plaintiff makes several allegations regarding the *Rooker-Feldman* doctrine and earlier litigation between the parties in state court. The *Rooker-Feldman* doctrine holds that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curium). In his objections, Plaintiff states repeatedly that Defendant's default was excused by the state court; accordingly, the *Rooker-Feldman* doctrine is inapplicable to the present issue before the Court.

[2] The Court reiterates that this very brief delay did not prejudice Plaintiff.

## CONCLUSION

For the foregoing reasons the Court adopts the recommendation of the Magistrate Judge. Defendant's partial motion to dismiss [11] is **GRANTED**. Plaintiff's motion for entry of default [19] is **DENIED** and Plaintiff's motion to strike [22] is **DENIED as MOOT**.

IT IS SO ORDERED.

                                                                 s/ Donald C. Coggins, Jr.
                                                                 United States District Judge

June 18, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.