IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Calvin Tyrone Norton, | ) | C/A No. 4:19-cv-00329-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| General Motors LLC, an American | ) | |
| Automobile manufacturer d/b/a Chevrolet, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the June 16, 2020 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). In the Report, the Magistrate Judge recommends denying Plaintiff Calvin Tyrone Norton ("Plaintiff")'s Motion for Summary Judgment, ECF No. 85, and granting Defendant General Motor, LLC ("Defendant")'s Motion for Summary Judgment, ECF No. 65.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report thoroughly outlines the relevant facts and allegations, and neither Plaintiff nor Defendant object to the Report's recitation. [ECF No. 94 at pp.2–6.] As a result, the court will provide only a brief synopsis of the facts, incorporating by reference the Report's summation.

On February 4, 2019, Plaintiff, appearing pro se, filed this products liability action related to a 2014 Chevrolet Corvette (the "Corvette") that he purchased "as is" from Jud Kuhn Chevrolet ("Jud Kuhn") on December 7, 2017. Prior to Plaintiff's purchase of the Corvette, it had two prior owners. It was originally sold by Palmetto Chevrolet in Conway, South Carolina on May 22, 2014. The first owner had the fuel tank filler pipe housing replaced in July 2015. A second owner purchased

1

the Corvette on April 19, 2016. After Plaintiff purchased the Corvette, he allegedly discovered fuel and oil leaks, returned the vehicle to Jud Kuhn for service, and purchased an extended warranty, following Plaintiff's alleged refusal to cover the repairs. The Corvette was destroyed in a fire on June 21, 2018.

Additionally, Plaintiff claims that he received a notice in May 2018 that Defendant extended the manufacturer warranty to cover cracks on the top of the left fuel tank pump module flange, but he did not bring the vehicle in for repair at that time. Plaintiff asserts claims for products liability, negligence, breach of manufacturer warranty, and unfair trade practices.

On October 11, 2019, Defendant filed its Motion for Summary Judgment, seeking judgment in its favor on all remaining claims. [ECF No. 65.] Following issuance of the *Roseboro* Order, Plaintiff filed a response in opposition, ECF No. 69, and Defendant filed its reply, ECF No. 72. Thereafter, on February 3, 2020, Plaintiff filed his Motion for Summary Judgment. [ECF No. 85.] Defendant responded in opposition, and Plaintiff replied. [ECF Nos. 87, 88.]

On June 16, 2020, the Magistrate Judge issued the Report that is the subject of this Order, recommending that this court grant Defendant's motion and deny Plaintiff's motion. [ECF No. 94.] Plaintiff filed objections on June 29, 2020, and Defendant replied on July 13, 2020. [ECF Nos. 96, 97.] The matter is now ripe for review by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The Report recommended that this court grant summary judgment in favor of Defendant on the products liability claims because Plaintiff failed to offer sufficient evidence to establish that the Corvette was in essentially the same condition at the time of the fire as it was when it left Defendant. Additionally, the Report concluded that Plaintiff failed to offer any evidence demonstrating that the Corvette was in a defective, unreasonably dangerous condition at the time of the fire. For these reasons, the Report concluded that Plaintiff could not carry his burden for proving a products liability claim, whether that claim is one in negligence, strict liability, or warranty.

Similarly, as to the unfair trade practices claim, the Report recommended that this court grant summary judgment in favor of Defendant. The Report noted that the undisputed facts in the record evidence that Defendant did not sell the Corvette to Plaintiff, nor was Defendant involved in the repairs of the Corvette. Plaintiff failed to submit any evidence that would suggest that Defendant engaged in any unfair or deceptive practice with respect to the Corvette.

For all of the foregoing reasons, the Report recommended that this court grant Defendant's motion, deny Plaintiff's motion, and dismiss this case. Plaintiff's objections to the Report are considered below.

### I.  Products Liability Claims.

Plaintiff objects to the Report's conclusions on the products liability claims on two grounds. First, Plaintiff challenges the Report's finding that he failed to present evidence of the condition of the Corvette before the first repair. In South Carolina, "[i]n any products liability action, a plaintiff must establish three things: (1) he was injured by the product; (2) the product was in essentially the same condition at the time of the accident as it was when it left the hands of the defendant; and (3) the injury occurred because the product was in a defective condition unreasonably dangerous to the user." *Graves v. CAS Med. Sys., Inc.*, 735 S.E.2d 650, 658 (S.C. 2012). The Report's conclusion and Plaintiff's objection relate specifically to the second element. More specifically, Plaintiff argues that his own affidavit testimony that he took the Corvette to Jud Kuhn for service on January 8, 2018, and the mechanic found the leaks "support that [he] has evidence about the condition of the Corvette before the first repair was made." [ECF No. 96 at p.2.] Plaintiff's position is simply incorrect. The affidavit testimony does not establish the condition of the Corvette before the first repair, *i.e.*, before the first owner had the fuel tank filler

pipe housing replaced in July 2015. This court, having reviewed the record, agrees with the Report. Plaintiff failed to present any evidence of the condition of the Corvette before the July 2015 repair.

Plaintiff's objection also challenges the Report's conclusions regarding the condition of the Corvette at the time of the incident. *Id.* at p.3. This objection relates to both the second and third elements of his products liability claims. In the objection, Plaintiff argues that his affidavit states that he did not drive the Corvette following the second repair until he went to Tennessee. It was at that time that the engine light illuminated and the "car gushed into flames." *Id.* According to Plaintiff, this testimony "demonstrate[s] the condition of the vehicle when the fire occurred or evidence[s] that the Corvette was in a defective, unreasonably dangerous condition at the time of the accident." *Id.*; *see also* p.4 ("The proof of what happened to the corvette rest[s] upon the testimony of the Plaintiff and what he saw at the time of the incident."). Again, this court disagrees.

Plaintiff's testimony that he took the Corvette to Jud Kuhn for repairs does not equate to evidence of the condition of the Corvette after those repairs were completed. As noted in the Report, Plaintiff "failed to offer any evidence about the quality or effectiveness of the repairs." [ECF No. 94 at p.10.] The fact remains that Plaintiff has not presented any evidence that the Corvette had the specific defect alleged or that the alleged defect in the Corvette's fuel system caused the vehicle to erupt in flames. *See id.* at pp.10–11. Plaintiff's objection, which references the same affidavit testimony considered in the Report, does not changes this conclusion. The fact remains that Plaintiff has not presented evidence to give rise to a genuine dispute of material fact as to the second and third elements of his products liability claims.

Second, Plaintiff objects to affidavits of the Montgomery County Tennessee Volunteer Firefighters. [ECF No. 96 at p.4.] He claims that the affidavits are "pure speculation if they now contend that neither of them examined the vehicle or [were] not qualified to do so." *Id.* Plaintiff

5

argues that these statements "were identified to be not true in Plaintiff's affidavit," and he challenges the manner in which the affidavits were drafted.[1] *Id.* This objection is insufficient to create a genuine dispute of material fact to survive summary judgment. At the outset, the affidavits affirmatively state that neither firefighter "conduct[ed] an investigation to determine whether any component part of the vehicle caused the fire." [ECF No. 65-9 at ¶ 9; 65-10 at ¶ 10 ("[W]e did not conduct a cause and origin analysis on the vehicle to determine where the fire originated.").] These are affirmative statements, not speculation. The firefighters know whether they conducted an examination or not; here, they affirmatively testified through affidavits that they did not conduct such an investigation. Additionally, to the extent Plaintiff relies on his contention that "[t]he Montgomery Fire Department investigated the fire loss," ECF No. 85-1 at ¶ 25, this blanket, unsupported contention alone is insufficient to defeat summary judgment in favor of Defendant. In order to survive summary judgment, Plaintiff had to come forward with some evidence of a causal link between the fuel tank and the subject fire. Plaintiff's blanket, unsupported allegation is insufficient. Plaintiff did not present the results of any investigation to the court, nor can he testify, based on personal knowledge, that such an investigation was conducted. Summary judgment in favor of Defendants on the products liability claims remains appropriate.

---

[1] Plaintiff contends that the affidavits were drafted by GM's counsel and submitted to the firefighters for signature. [ECF No. 96 at p.4.] The court rejects Plaintiff's argument. "[T]he weight of the case law is that it is a common and acceptable practice for counsel to draft witness affidavits." *In re Somerset Reg'l Water Res., LLC*, 592 B.R. 38, 57 (W.D. Penn. 2018) (collecting cases). The rule governing affidavits submitted in support or opposition to a motion for summary judgment provides, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The firefighters' affidavits meet this standard and, as a result, were properly considered by the Magistrate Judge.

**II. South Carolina Unfair Trade Practices.**

Turning to the unfair trade practices claim, the Report concluded that Plaintiff failed to present any evidence that Defendant engaged in an unfair or deceptive act in the sale or repair of the Corvette. Plaintiff objects, pointing to various submissions, which he claims serve as evidence that Defendant was involved with the sale and repair of the Corvette. Plaintiff points to:

- ECF No. 69-1 [Buyers Guide, "As Is-No Warranty"];
- ECF No. 69-9 [thread from www.corvetteforum.com];
- ECF No. 69-5, pp.7–8[Jud Kuhn service ticket], 10–11 [General Motors-Claim Pre-Approval Request]; and
- ECF No. 69-3, p.9[text messages between Plaintiff and mechanic at Jud Kuhn].

None of these documents tie Defendant to the sale of the Corvette, however. Rather, it is undisputed that Plaintiff purchased the Corvette from Jud Kuhn. Consequently, there is no evidence to support a claim against Defendant for unfair trade practices related to the sale of the Corvette.

Turning to the issue of unfair acts in the repairs to the Corvette, Plaintiff argues that the documents referenced above evidence unfair or deceptive acts by Defendant. The court disagrees. The documents, at best, establish that Plaintiff purchased an extended warranty, the dealer's mechanic requested warranty coverage for certain repairs, Defendant approved the covered amounts of certain repairs requested by the dealer on January 10, 2018, and the Corvette was, in fact, repaired by the dealer, Jud Kuhn. As a matter of law, none of these undisputed facts set forth an unfair or deceptive act or practice by Defendant. Because Plaintiff fails to set forth any evidence to support the first element of a claim for unfair trade practices, Defendant is entitled to judgment

as a matter of law. *See Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998) (noting first element of private cause of action for violation of the South Carolina Unfair Trade Practices Act is "defendant engaged in an unlawful trade practice").

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court overrules the objections, adopts the Report [ECF No. 94], and incorporates the Report by reference herein. Accordingly, Defendant's motion for summary judgment [ECF No. 65] is **GRANTED,** and Plaintiff's motion for summary judgment [ECF No. 85] is **DENIED**. All other pending motions are hereby **TERMINATED** as **MOOT**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

July 23, 2020
Florence, South Carolina